*Wednesday, November 23, 1994*

## DISCIPLINARY DOCKET

**93–901.** Cleveland Bar Assn. v. Young. On September 8, 1993, this court suspended respondent, James C. Young, for one year but suspended the suspension and placed respondent on two years of monitored probation. This court further ordered respondent by October 8, 1993, to pay board costs and to file evidence with the court of having made restitution consistent with the court's opinion. On November 17, 1993, this court granted respondent until May 17, 1994, to pay board costs in full, including all accrued interest, and to file evidence with this court demonstrating that he made all required restitution. This court further ordered that if by May 17, 1994, respondent did not pay board costs, including all accrued interest, and did not file evidence demonstrating that he had made all required restitution, he would be indefinitely suspended from the practice of law until such time as costs were paid and evidence of having made restitution was filed with this court. On May 17, 1994, respondent submitted $2,103.75 for payment toward board costs, but did not file evidence with this court demonstrating that he made all required restitution. On July 5, 1994, this court suspended respondent until he filed evidence with this court demonstrating that full restitution had been made.

On August 5, 1994, respondent filed a Motion to Proffer Evidence and Request for Order of Reinstatement, and on November 15, 1994, he filed a Motion to Supplement Respondent's Application for Reinstatement.

The court coming now to consider its orders of September 8, 1993, and July 5, 1994, finds that respondent has substantially complied with these orders. Therefore,

IT IS ORDERED by the court, effective November 21, 1994, that the disciplinary sanction issued by this court against James C. Young, Attorney Registration No. 0034227, last known address in Cleveland, Ohio, on September 8, 1993, be reinstated and that accordingly, respondent's one-year suspension is suspended and he is placed on two years of probation, effective as of September 8, 1993, consistent with the court's September 8, 1993 opinion and order.

IT IS FURTHER ORDERED that upon successful completion of the probationary period, respondent shall apply for termination of probation pursuant to Gov.Bar R. V(9), and that the probation shall not be terminated until this court orders respondent's probation terminated.

IT IS FURTHER ORDERED that respondent shall keep the Clerk, Disciplinary Counsel, relator, and the monitoring attorney advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

*Tuesday, November 29, 1994*

## MOTION DOCKET

**94–2418.** State v. Patrick. *Lawrence County*, No. 94–CA–02. This cause is pending before the court as a discretionary appeal and a claimed appeal of right. Upon consideration of appellant's motion for stay of execution pending appeal,

IT IS ORDERED by the court that the motion for stay of execution pending appeal be, and the same is hereby, denied, effective November 23, 1994.

## MISCELLANEOUS DISMISSALS